Fred J. Mttnder, J.
This is a motion to strike items from the demand for a bill of particulars, actually in effect to vacate the demand. The demand itself is prolix and burdensome but the relief sought on this motion is conversely as drastic.
The action is by an ailing father against his son and married daughter to impress a trust or secure the conveyance to him of four parcels of real property by which, he says, the children are unjustly enriched. They inherited their interests in the real property on the death, intestate, of their mother. The father claims that he, being a contractor and seeking to avoid any loss of property by reverses in his business, gave his wife money to put in her bank account and had the title to real property for *985 which he paid, put in his wife’s name on her agreement to hold it for his benefit. While she lived, he says, he had the benefit of all this property. However, since she died intestate the children have shared in the title and now deny him the full income and benefit of the property.
There is no allegation of fraud on the wife’s part nor any of promise on the part of defendants. What the plaintiff asks is that equity decree that the children convey to him the real property left by his wife because (1) he paid for it; (2) the wife agreed to hold it for his benefit; and (3) he exercised rights of ownership of it by directing the management and control of the property.
This is not the ordinary case of a person seeking the reconveyance of property from one standing in a position of confidential relationship. There is no allegation of fraud or undue influence, nor of breach of any oral or written agreement to hold for plaintiff’s benefit or reconvey on demand. There is no allegation that the defendants knew of any such agreement, if one existed.
Thus the rule that proof of general statements, general conduct and tacit promises suffice to establish an agreement to reconvey, if those circumstances warrant the conclusion of such an intendment (Farano v. Stephanelli, 7 A D 2d 420), does not here apply. The relationship of the parties alone does not entitle plaintiff to the judgment he seeks. He must show a clear agreement by the wife to convey to him, or on her death, to devise it to him by her will. And he must prove it by evidence not prohibited by section 347 of the Civil Practice Act.
Consequently the defendants are entitled to particulars in considerable detail so that they may prepare for trial. Item 4 of the demand, however, is unnecessarily burdensome, repetitious of Item 3, and simply calls for a statement of the plaintiff’s evidence. For these reasons it will be stricken.
The motion to modify is granted to the extent above indicated. Submit order.